IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.              CRIMINAL ACTION NO. 2:23-cr-00094

JASON L. NORMAN,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Jason L. Norman's ("Defendant") second motion[1] to dismiss his indictment on the basis that 18 U.S.C. § 922(g)(1) is an unconstitutional infringement on his Second Amendment right to bear arms. (ECF No. 34.) For the reasons discussed below, the motion is **DENIED**.

         *I. BACKGROUND*

Defendant is currently charged in a single count indictment of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). (ECF No. 34 at 1-2.) In 2015, the Defendant was charged with, and subsequently plead guilty to, possession with intent to deliver a controlled substance in violation of W. Va. Code § 60A-4-401(a)(i). (ECF No. 34-2 at 2.) Under state law,

---

[1] Defendant first filed a motion to dismiss the indictment based upon a facial challenge to the statute. (ECF No. 25.) That motion was denied after the Fourth Circuit's ruling in *United States v. Canada*, 103 F.4th 257 (4th Cir. 2024). (ECF No. 30.) Following that, the Defendant asked this Court to re-open the deadline to file new pretrial motions and filed this second motion to dismiss the indictment, only this time raising an as applied challenge. (ECF No. 32.) Facial and as applied challenges are frequently pled together, and the Court would have thought that failing to raise the as applied challenge in the first motion to dismiss would constitute waiver of the issue. However, because the Government has failed to raise that argument here, the Court will simply proceed to address the merits.

the offense he pled guilty to was a felony punishable by a term of incarceration exceeding one year. (ECF No. 34-2 at 9.) However, the Defendant was given probation and ultimately not incarcerated. (ECF No. 34-2 at 9-10.)

## II.     LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12, the court should dismiss criminal charges in an indictment "where there is an infirmity of law in the prosecution," such as when the statute charged is unconstitutional. *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012). "An as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case." *United States v. Mgmt. Consulting, Inc.*, 636 F. Supp. 3d 610, 619 (E.D. Va. 2022) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)). When making an as applied challenge, the "litigant claiming an otherwise constitutional enactment is invalid as applied to him must show that his factual circumstances remove his challenge from the realm of ordinary challenges." *United States v. Moore*, 666 F.3d 313, 319 (4th Cir. 2012).

In *Heller*, the Supreme Court acknowledge that the Second Amendment protects the rights of "law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). Then in *Bruen*, the Supreme Court upended the traditional means-ends scrutiny analysis applied to this constitutional right. *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 17 (2022). Instead, at least when analyzing Second Amendment rights, *Bruen* "establishes a new 'two-step evaluation.'" *United States v. Price*, 111 F.4th 392, 398 (4th Cir. 2024) (quoting *United States v. Rahimi*, 144 S. Ct. 1889, 1928 (Jackson, J., concurring)). Under this analysis, a court first "must ask whether the Second Amendment's plain text covers the conduct at issue." *Id.* If the text fails to cover the conduct at issue, the

2

inquiry ends at step one because "the Second Amendment does not apply." *Id.* But if the text does cover the conduct, then a court engages in a second step, requiring it to "ask whether the Government has justified the regulation as consistent with the 'principles that underpin' our nation's historical tradition of firearm regulation." *Id.* (citing *Rahimi*, 144 S. Ct. at 1898).

### III.   DISCUSSION

Defendant asserts that § 922(g)(1) is unconstitutional as applied to him. (ECF No. 34 at 1.) He argues that *Bruen* and *Rahimi* have upended existing Fourth Circuit precedent. Specifically, Defendant cites *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012), *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012), and *Hamilton v. Pallozzi*, 848 F.3d 614 (4th Cir. 2017) as being abrogated post-*Bruen*. (ECF No. 35 at 6.) In this supposed void, the Defendant contends that being "a citizen" puts him in the "class of people who are afforded rights under the Constitution" despite his felony conviction. (*Id.* at 8.) Further, he claims that the unique characteristics of his felony conviction makes the application of § 922(g)(1) to him unconstitutional. (*Id.*) The Court disagrees.

The Court can begin and end the inquiry with the first step of *Bruen*.[2] The plain text of the Second Amendment does not cover the Defendant because he is a felon. Despite Defendant's arguments to the contrary, Fourth Circuit precedent prior to *Bruen* remains binding on this Court. *See United States v. Martin*, 2024 WL 4363278, at *2 (S.D. W. Va. Sept. 30, 2024)

---

[2] Even if the Court were to consider *Bruen*'s second step, Defendant's challenge would still fail. Other district courts have considered the second step and nonetheless found disarming convicted felons through statutes like § 922(g)(1) to be consistent with firearm regulation within this nation's history and tradition. *See, e.g.*, *United States v. Bever*, 669 F. Supp. 3d 578, 583 (S.D. W. Va. 2023) ("Other courts have considered the second part of the [*Bruen*] test and concluded that while convicted felons might be included in 'the people' referenced in the Second Amendment, disarming them is nevertheless consistent with this Nation's historical tradition of firearm regulation."); *see also United States v. Goins*, 647 F. Supp. 3d 538, 541 (E.D. Ky. 2022) ("[T]he British common law that informed our founding era enactments included the power to disarm individuals who posed a danger to public safety.").

("Because *Moore* and *Pruess* did not rely on the means-ends scrutiny rejected by the Supreme Court in *Bruen*, they remain binding precedent that this Court must follow."); *United States v. Fowler*, 2024 WL 197601 (E.D. Va. Jan. 18, 2024) ("No decision by the Fourth Circuit has expressly overruled *Moore* or *Pruess*, and because those decisions did not rely on the second step of the two-step framework that *Bruen* abrogated, *i.e.*, the means-end scrutiny prong, *Moore* and *Pruess* remain binding precedent that the Court must faithfully apply.") (cleaned up). The Supreme Court's recent decision in *Rahimi* also does nothing to change this circuit's precedent. Defendant might be correct that he cannot be disarmed simply because he is not "responsible." *Cf. Rahimi*, 144 S. Ct. at 1903 (rejecting a theory of disarming a defendant because he may not be "responsible," but also observing "[t]he question was simply not presented"). That does not, however, upend the analysis of previous Fourth Circuit precedent.

Binding precedent confirms that felons are not within the "people" referred to in the text of the Second Amendment. In *Moore*, the Fourth Circuit rejected a similar as applied challenge to § 922(g)(1). *Moore*, 666 F.3d at 320. There, the court noted that having three violent felony convictions sufficiently demonstrated the challenger did "not fall within the category of citizens to which the *Heller* court ascribed the Second Amendment protection of 'the right of *law-abiding responsible* citizens to use arms in defense of hearth and home.'" *Id.* at 319-20 (citing *Heller*, 554 U.S. at 635) (emphasis original). In *Hamilton*, the Fourth Circuit gave great weight to a crime being labeled a felony, as it "represents the sovereign's determination that the crime reflects 'grave misjudgment and maladjustment.'" *Hamilton*, 848 F.3d at 626. As such, the court held that "evidence of rehabilitation, likelihood of recidivism, and passage of time are not bases for which a challenger might remain in the protected class of 'law-abiding, responsible' citizen." *Id.*

4

Finally, in *Pruess*, when the Fourth Circuit considered a defendant's prior, nonviolent felonies related to the illegal sale of firearms, the court found the "application of the felon-in-possession prohibition to allegedly non-violent felons like Pruess does not violate the Second Amendment." *Pruess*, 703 F.3d at 247.

Defendant's attempts to distinguish *Moore*, *Pruess*, and *Hamilton* are unpersuasive. Defendant observes that his conviction was from a single instance of felony distribution of a controlled substance. (ECF No. 35 at 8.) He further notes that his felony conviction resulted only in probation and that he possessed the firearms that resulted in this indictment for a "lawful purpose." (*Id.*) While Defendant is right to point out that each of the cited "post-*Heller*, pre-*Bruen*" cases come from different circumstances, they all share one crucial fact—all defendants were convicted of a felony. Of course, Defendant shares that status as a felon. Consequently, he fails to demonstrate that "his factual circumstances remove his challenge from the realm of ordinary challenges." *Moore*, 666 F.3d at 319.

The fact that Defendant's felony is a nonviolent offense does not mean he retains the right to possess a firearm. The Fourth Circuit has explicitly left this question open for nonviolent felony offenders. *See Price*, 111 F.4th at 402 n. 4 (4th Cir. 2024) ("[W]e decline[] to opine on the open questions regarding as-applied challenges and nonviolent felons."). However, other judges of this Court have rejected such challenges. *See, e.g.*, *United States v. England*, 2024 WL 3582209, at *2 (S.D. W. Va. July 30, 2024) (Volk, J.) (rejecting an as applied challenge to § 922(g)(1) on the theory that defendant was merely convicted of a nonviolent felony). In fact, just days ago, Judge Berger rejected the argument that a sole felony conviction under W. Va. Code § 60A-4-401 is sufficient to prevail on an as applied challenge to § 922(g)(1). *See Martin*, 2024

WL 4363278, at *1-2 (rejecting both a facial and an as applied challenge made by a defendant with two prior felony convictions for delivery of a controlled substance at "the first step of the *Bruen* analysis"). The undersigned declines to part ways with his colleagues.

Put simply, Defendant's status as a felon is sufficient to establish that he is not a "law-abiding" citizen brought within the protections of the Second Amendment. Accordingly, the Court rejects his argument that § 922(g)(1) is unconstitutional as applied to him.

## IV.   CONCLUSION

For these reasons, Defendant's Second Motion to Dismiss the Indictment, (ECF No. 34), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   October 10, 2024

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE